JEFFREY L. ANDERSON (SBN 157982)
COHEN ⚔ DURRETT, LLP
2100 Northrop Avenue, Suite 900
Sacramento, CA 95825
Telephone:   (916) 927-8797
Fax:             (916) 927-8798

MATTHEW L. EMRICK, Esq. (SBN 148250)
Law offices of Matthew Emrick
3881 Scenic Court
El Dorado Hills, CA 95762
Telephone:  916 337-0361

Attorneys for Defendant
NORMAN STARKS

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  1:15-CR-0044-LJO-SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING VACATING TRIAL DATE AND RESETTING TRIAL; EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| NORMAN STARKS, | OLD DATE: September 21, 2016 |
| Defendant. | OLD TIME: 8:30 a.m. |
| | NEW DATE:  March 21, 2017 |
| | NEW TIME: 8:30 a.m. |
| | COURT: Hon. Lawrence J. O'Neill |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for jury trial on September 21, 2016, in Courtroom 4 (LJO).

2. On August 8, 2016, counsel for the defendant notified the government, and later that day,

STIPULATION RE: RESETTING TRIAL DATE; EXCLUDING
TIME UNDER SPEEDY TRIAL ACT AND ORDER

1

1  notified the Court by email, that due to unexpected medical complications of the defendant, it might be
2  necessary to seek a continuance of the trial date.  At that time, defense counsel notified the Court that
3  the defendant had been diagnosed with Throat Cancer, was pending surgery.

4      3.      Counsel for the defendant has now determined that Defendant Norman Starks is suffering from medical issues that make it impossible for his trial to proceed on September 21, 2016.  Mr. Starks was diagnosed with Throat Cancer approximately four (4) weeks ago.  Previously, it had been thought that problems with Mr. Starks's ability to speak had been associated with medicine he was taking.  The cancer was determined to be extremely serious and potentially life threatening if untreated, and therefore, Mr. Starks was immediately scheduled to undergo surgery in Reno, Nevada on August 12, 2016 at Renown Hospital.  His surgery included a partial tracheotomy which he was unware would occur.  Initially, Mr. Starks was going to be released on Monday, August 15, 2016.  However, due to slow recovery, Mr. Starks is now being retained at the hospital day to day.  Currently, due to his tracheotomy, he has extreme difficulty talking and will require follow-up procedures to give him back the ability to speak.  Mr. Starks will be going through six (6) weeks of chemotherapy starting the week of August 22, 2016 and such treatment will continue to make it difficult for him to speak.  Mr. Starks may be required to remain in Reno, NV for this chemotherapy treatment.  Mr. Starks is expected to recover but his condition and ultimate prognosis and ability to speak at this time remain uncertain.  Because of his ongoing medical treatment and his difficulty speaking, at this time Mr. Starks is unable to have input into any pre-trial procedures.

20      4.      Based on defense counsel's representations as to the defendant's medical condition, counsel for the government jointly submits this stipulation with the defense.  The parties stipulate and respectfully request that the trial date in this case be reset to February 21, 2017, at 8:30 a.m., and that the dates in the Court's Pretrial Order issued on August 18, 2016 [Document 26], be reset to new dates corresponding to the continued trial date.

25      5.      The parties agree that this stipulation and proposed order provides a substantial basis for the application of the provisions of the Speedy Trial Act that dictate that additional time sought is excludable from the period within which a trial must commence.

28      6.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,

within which trial must commence, the time period between the date of this Order and February 21, 2017, inclusive, should be excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), and (B)(i) and (iv) because, based on the above-stated grounds, the ends of justice served by continuing the case as requested outweigh the best interest of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 19, 2016

PHILLIP A. TALBERT
Acting United States Attorney

/s/ Megan Anne Schultz Richards
Megan Anne Schultz Richards
Assistant United States Attorney

Dated:  August 19, 2016

/s/ Jeffrey L. Anderson
(authorized by email 8/19/16)
Jeffrey L. Anderson
Counsel for Defendant
Norman Starks

Dated:  August 19, 2016

/s/ Matthew Emrick
(authorized by email 8/19/16)
Matthew Emrick
Counsel for Defendant
Norman Starks

1
2               **[PROPOSED] FINDINGS AND ORDER**
3       The parties having established good cause to continue the trial date from September 21, 2016 to
4 February 21, 2017, and to reset the dates in the Pretrial Order, based on the grounds set forth in the
5 parties' Stipulation, the trial date is continued to March 21, 2017 at 8:30 a.m., and the deadlines in the
6 Pretrial Order are reset to the corresponding number of days prior to the continued trial date.  The time
7 period between the date on this Order and February 21, 2017 is excluded under the Speedy Trial Act
8 pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv), as the ends of justice served by granting the
9 continuance outweigh the best interest of the public and the defendant in a speedy trial.
10
11 IT IS SO ORDERED.
12     Dated:   **August 22, 2016**              /s/ Lawrence J. O'Neill
                                           UNITED STATES CHIEF DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28