PHILLIP A. TALBERT
United States Attorney
MEGAN A. S. RICHARDS
KIRK E. SHERRIFF
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-0044-LJO-SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING VACATING TRIAL DATE AND SETTING STATUS CONFERENCE; EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| NORMAN STARKS, | OLD TRIAL DATE: March 21, 2017 |
| Defendant. | OLD TRIAL TIME: 8:30 a.m. |
| | NEW STATUS CONFERENCE DATE: April 10, 2017 |
| | NEW STATUS CONFERENCE TIME: 8:30 a.m. |
| | COURT: Hon. Lawrence J. O'Neill |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for jury trial on September 21, 2016, in Courtroom 4 (LJO). On August 19, 2016, due to the defendant's health complications related to his diagnosis and treatment for throat cancer, the parties filed an amended stipulation to vacate the trial date and reset the trial for March 21, 2017. This Court granted the parties' motion and reset the trial for March 21, 2017 at 8:30 a.m [Document 30].

2. Counsel for Defendant provide the following update on Defendant's condition to the

STIPULATION RE: VACATING TRIAL, SETTING STATUS,
EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT; ORDER

1

Court and the government:

    a)    Following the parties' prior stipulation, Defendant was admitted to Renown Hospital in Reno, Nevada in late August 2016 for treatment of his throat cancer. During his time in Renown Hospital, he underwent a tracheotomy and months of chemotherapy. He remained in Renown Hospital until early November 2016. Following his release, he has gone through a series of treatments locally in Bishop, CA including, but not limited to, radiation therapy, and continues to do so.

    b)    The Defendant's treatment continues to hamper his ability to communicate and prepare for trial. The stoma in the Defendant's neck (the opening created by the Defendant's tracheotomy) has not yet been closed in order to facilitate further treatment for his throat cancer. Due to his continued treatment, he is experiencing extreme fatigue and swelling of his hands. Due to his tracheotomy, he is unable to communicate effectively at this time. He can only speak when holding the feeding tube on his neck and it is difficult to understand his speech, which is very low, scratchy, hoarse, and distressed. He coughs for long periods following any extended time attempting to speak. Presently, defendant receives medication and food by way of a feeding tube in his throat up to 5 times a day. Defendant takes a number of medications by feeding tube including those related to a kidney transplant he received in 2013.

    c)    At this time, there is no date set for when the Defendant's stoma will be closed. The defendant's next doctor's appointment is on February 2, 2017. Defendant is expected to recover fully in the coming months, and it is expected that the stoma will be eliminated in the coming months after his treatment. However, Defendant cannot presently participate in pre-trial preparation and it is not expected he will be fully recovered at the time presently set for trial in order to effectively participate.

3.    Based on defense counsel's representations as to the defendant's medical condition, counsel for the government jointly submits this stipulation with the defense. The parties stipulate and respectfully request that the trial date in this case be vacated, and a status conference be set for April 10, 2017, at 8:30 a.m. Furthermore, the parties stipulate that the pretrial filing dates previously set by the Court be vacated. Because of the unpredictability of the defendant's recovery, the parties believe re-

setting the matter for a status conference rather than a new trial date is the most prudent course of action at this time.  If the defendant has recovered sufficiently at the time of the next status conference to participate in preparation of his defense, the parties will ask the court to set a new trial date at that time.

4. The parties agree that this stipulation and proposed order provides a substantial basis for the application of the provisions of the Speedy Trial Act that dictate that additional time sought is excludable from the period within which a trial must commence, as the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice, and would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period between the date of this Order and April 10, 2017, inclusive, should be excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), and (B)(i) and (iv) because, based on the above-stated grounds, the ends of justice served by continuing the case as requested outweigh the best interest of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 23, 2017                              PHILLIP A. TALBERT
                                                      United States Attorney

                                                      /s/ Megan A. S. Richards
                                                      MEGAN A. S. RICHARDS
                                                      Assistant United States Attorney

Dated:  January 23, 2017                              /s/ Jeffrey L. Anderson
                                                      (auth. by email 1/23/17)

STIPULATION RE: VACATING TRIAL, SETTING STATUS,           3
EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT; ORDER

|  |  |
|---|---|
|  | JEFFREY L. ANDERSON<br>Counsel for Defendant<br>Norman Starks |
| Dated: January 23, 2017 | /s/ Matthew Emrick<br>(auth. by email 1/23/17)<br>MATTHEW EMRICK<br>Counsel for Defendant<br>Norman Starks |

STIPULATION RE: VACATING TRIAL, SETTING STATUS,
EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT; ORDER

4

## FINDINGS AND ORDER

The parties having established good cause to vacate the trial date currently set for March 21, 2017 at 8:30 a.m., vacate the trial dates in the Pretrial Order, and reset the matter for a status conference on April 10, 2017 at 8:30 a.m. based on the grounds set forth in the parties' Stipulation, the trial date and corresponding deadlines in the Pretrial Order are hereby VACATED and the matter is set for status conference on April 10, 2017 at 8:30 a.m.  The time period between the date on this Order and April 10, 2017 is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv), as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **January 25, 2017**          /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE

STIPULATION RE: VACATING TRIAL, SETTING STATUS, EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT; ORDER

5