PHILLIP A. TALBERT
United States Attorney
MEGAN A. S. RICHARDS
KIRK E. SHERRIFF
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-0044-LJO-SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING VACATING STATUS CONFERENCE AND RE-SETTING STATUS CONFERENCE; EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| NORMAN STARKS, | |
| Defendant. | OLD STATUS CONFERENCE: June 12, 2017<br>OLD STATUS CONFERENCE TIME: 8:30 a.m. |
| | NEW STATUS CONFERENCE DATE: Sep. 11, 2017<br>NEW STATUS CONFERENCE TIME: 8:30 a.m. |
| | COURT: Hon. Lawrence J. O'Neill |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on June 12, 2017 in order for the parties to give an assessment of the defendant, Norman Starks's health, and to set a trial date in the case. The Court was previously informed in prior stipulations and status conferences that the defendant has received a diagnosis and treatment for throat cancer. Defendant was admitted to Renown Hospital in Reno, Nevada in late August 2016 for treatment of his throat cancer. During his time in Renown

1  Hospital, he underwent a tracheotomy and months of chemotherapy.  He remained in Renown Hospital
2  until early November 2016.  Following his release, he went through a series of treatments locally in
3  Bishop, CA including, but not limited to, radiation therapy.

4      2.   Counsel for the defendant visited him at his home in Lone Pine, California earlier this
5  week, and provides the following update on his health:

    a)   Physically Norman appears to be in substantially declining health.  Norman's face, lips and tongue are so swollen that he is barely recognizable.  Norman's legs and arms have what appears to be bruising and sores.  His stomach has become greatly distended while his limbs (arms and legs) appear to be atrophying.   Norman's lungs are full of fluids.  He coughs frequently and I am told he had been coughing up blood although I did not observe this myself.  I did notice that he fills a plastic "Solo" cup with discharge completely about every 15 minutes or so.  Something is going on with Norman's nervous system in that his skin has become very painful to any touching and so it is difficult for him to wear clothing because of this condition.  This may be caused by his medication.  He is suffering extreme fatigue and goes in and out of sleep every 15 to 20 minutes or so.

    b)   From what I was told, his primary surgeon from Reno, Dr. Peddada, has informed Norman it is unlikely he will be able to talk again without the use of an electronic device.  There seemed to be no information on whether Norman will be able to eat normally again.  The prognosis seems to be that it is up to Norman now as to whether he can recover from surgery.  From what I understand, Norman has severed his relationship with Dr. Peddada and the family is looking for a new doctor at this time.   I had tried to contact Dr. Peddada myself in a manner he had told the family he wanted to be contacted but never received a reply.

    c)   There does not appear to be clarity as to Norman's condition or causes of his condition.  Some discussion was that his liver transplant meds may need to be changed or are becoming ineffective - or that his medication for his throat is somehow resulting in these effects.  Some family members believe the face swelling is likely attributable to reaction to his medication although there has been apparently some concern about it being related to thyroid, circulation or potential lymphoma.

3. The defendant seeks a continuation of the status conference until September 11, 2017 so that it can locate a physician capable of diagnosing the defendant's condition and providing a prognosis and a health report that can be submitted to the Court. As the defendant lives in Bishop, California, this likely will require finding a physician in Los Angeles.

4. Based on defense counsel's representations as to the defendant's medical condition and the need for a medical examination to determine the defendant's prognosis, counsel for the government jointly submits this stipulation with the defense. The parties stipulate and respectfully request that the status conference in this case be vacated, and a status conference be set for September 11, 2017, at 8:30 a.m.

5. The parties agree that this stipulation and proposed order provides a substantial basis for the application of the provisions of the Speedy Trial Act that dictate that additional time sought is excludable from the period within which a trial must commence, as the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice, and would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period between the date of this Order and April 10, 2017, inclusive, should be excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), and (B)(i) and (iv) because, based on the above-stated grounds, the ends of justice served by continuing the case as requested outweigh the best interest of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 9, 2017

PHILLIP A. TALBERT
United States Attorney

/s/ Megan A. S. Richards
MEGAN A. S. RICHARDS
Assistant United States Attorney

Dated: June 9, 2017

/s/ Matthew Emrick
(auth. by email 6/9/2017)
MATTHEW EMRICK
Counsel for Defendant
Norman Starks

**FINDINGS AND ORDER**

The parties having established good cause to vacate the status conference currently set for June 12, 2017 at 8:30 a.m., and reset the matter for a status conference on September 11, 2017, based on the grounds set forth in the parties' Stipulation, the status conference is hereby VACATED and the matter is set for status conference on September 11, 2017 at 8:30 a.m. The time period between the date on this Order and September 11, 2017 is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv), as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

Defense Counsel is directed to submit an updated medical report prior to the September 11, 2017 status conference.

IT IS SO ORDERED.

Dated: **June 9, 2017**         **/s/ Lawrence J. O'Neill**
                                UNITED STATES CHIEF DISTRICT JUDGE